UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDULLAH RENALDO-BEY,

    Plaintiff,

v.                                                  Case No. 8:12-cv-2351-T-33AEP

TOM FALLON,
MERCEDES-BENZ OF TAMPA,
OFFICER HOLDER, [and]
BOB MURRAY,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff has filed an incoherent Complaint (Dkt. No. 1) and two affidavits of indigency (Dkt. Nos. 2, 5), which the Court construes as motions to proceed *in forma pauperis*.[1] Essentially, Plaintiff contends that he was subjected to "humiliation and groundless accusations" while a business invitee of Mercedes-Benz of Tampa (Dkt. No. 1 at 2). According to Plaintiff, the "Defendant physically apprehended Plaintiff and Apostilled documents to be photocopied transported to be reviewed by their agents, employees, servants, later to be badgered and defamed;" "[a]t no time did the defendant have 'probable cause' to call, contact, or threaten Plaintiff with police (Defendant, Public Servant, Holder);" and "Plaintiff was verbally abused, deprived of natural rights and physically threatened and discriminated upon" (*id.* at 3). As a

---

[1] The first construed motion to proceed *in forma pauperis* is neither signed nor sworn to by Plaintiff (Dkt. No. 2). The second construed motion to proceed *in forma pauperis* corrects those defects (Dkt. No. 5). Accordingly, the first construed motion to proceed *in forma pauperis* should be denied as moot.

result, Plaintiff seeks to assert claims for breach of contract, tortious negligence, conspiracy, kidnapping, unfair business practices, deprivation of human rights, treason, fraud, and "deformation of character" (*id.* at 4-8).

Notably, Plaintiff has previously filed complaints asserting these same allegations and claims on two separate occasions in this District. *See Renaldo-Bey v. Holder, et al.*, 8:12-cv-1565-T-27TBM (M.D. Fla.) and *Renaldo-Bey v. Fallon, et. al.*, 8:12-cv-2214-T-27TGW (M.D. Fla.).[2] In the first instance, Plaintiff's complaint was dismissed without prejudice for failure to state a claim and with leave to re-file his complaint in a separate case. *Renaldo-Bey v. Holder, et al.*, 8:12-cv-1565-T-27TBM, Dkt. No. 8. Following that Order, Plaintiff then filed his "Amended Complaint" consisting of the same incoherent, rambling allegations as his original complaint. *Renaldo-Bey v. Fallon, et. al.*, 8:12-cv-2214-T-27TGW, Dkt. No. 1. Upon consideration, the Magistrate Judge found that Plaintiff's "Amended Complaint" patently failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, did not assert the essential elements of any of his purported claims or state a discernable factual basis for those claims, failed to state a claim upon which relief could be granted, and suffered from the same deficiencies and fatal defects as his first complaint. *Renaldo-Bey v. Fallon, et. al.*, 8:12-cv-2214-T-27TGW, Dkt. No. 3. Accordingly, the Magistrate Judge recommended the "Amended Complaint" be dismissed with prejudice. For those same reasons, the Complaint in this action

---

[2] Plaintiff has also filed numerous other incoherent, rambling complaints in this District. *See Renaldo-Bey v. Circuit Court in and for Escambia County, Fla., et al.*, 8:12-cv-1566-T-17TBM (M.D. Fla.); *Renaldo-Bey v. Rosa, et al.*, 8:12-cv-2222-T-33TBM (M.D. Fla.); *Renaldo-Bey v. Santurri, et al.*, 8:12-cv-2350-T-35MAP (M.D. Fla.).

should likewise be dismissed with prejudice.

As Plaintiff has been advised in each of the cases he has filed, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or "without arguable merit either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Jackson v. Farmers Ins. Group/Fire Ins. Exch.*, 391 Fed. App'x 854, 856 (11th Cir. 2010). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

Further, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court holds

*pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure.").

Pursuant to Rule 8, a pleading must state a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Fed. R. Civ. P. 8(a). As noted above, Plaintiff has attempted to take the proverbial third bite at the apple with the same incoherent, rambling allegations pertaining to a purported incident that occurred while he was a business invitee at Mercedes-Benz of Tampa. In short, Plaintiff has failed to allege a cognizable claim showing that he is entitled to relief in this forum or to demonstrate that his claims have a basis in law or fact. *See* Fed. R. Civ. P. 8(a); *see also* 28 U.S.C. § 1915(e)(2). Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiff's first construed motion to proceed *in forma pauperis* (Dkt. No. 2) be DENIED AS MOOT.

2.  Plaintiff's second construed motion to proceed *in forma pauperis* (Dkt. No. 5) be DENIED.

3.  Plaintiff's Complaint (Dkt. No. 1) be DISMISSED WITH PREJUDICE.

IT IS SO REPORTED in Tampa, Florida, this 25th day of October, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:     Hon. Virginia M. Hernandez Covington

Plaintiff, *Pro se*